**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| GLENN THOMAS PRINCE, <br> TDCJ # 01207064, <br><br> Petitioner, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 3:18-0214 |

## MEMORANDUM OPINION AND ORDER

Petitioner Glenn Thomas Prince, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 claiming that he should be eligible for release on mandatory supervision. Respondent filed a motion for summary judgment (Dkt. 10) and supplied state court records (Dkt. 11). Plaintiff has filed a response (Dkt. 12) and the motion is ripe for consideration. Having considered the pleadings and filings, the applicable legal authorities, and all matters of record, the Court will **grant** summary judgment for the reasons explained below.

### I. BACKGROUND

Prince is serving a life sentence in TDCJ for a capital murder conviction in the 262nd District Court of Harris County, Case Number 892174. He was convicted on November 14, 2003, for a murder he committed on March 13, 1982 (Dkt. 11-7, at 28-

29).[1] On January 19, 2006, the Fourteenth Court of Appeals affirmed Prince's conviction and sentence. *Prince v. State*, 192 S.W.3d 49 (Tex. App.–Hou. [14th Dist.] 2006, pet. ref'd).

Prince's habeas petition does not challenge his underlying conviction. Rather, Prince challenges TDCJ's decision that, because he is serving a life sentence, he will never be eligible for release on mandatory supervision. In 2018, Prince filed an application for a state writ of habeas corpus challenging his ineligibility for early release. The Texas Court of Criminal Appeals denied the writ without written order on the trial court's findings (Dkt. 11-2). Prince's federal habeas petition, executed on July 26, 2018, also challenges his ineligibility for early release.[2]

Prince claims that he should be released to mandatory supervision when his "good conduct time" and his "calendar time" adds up to 60 years (Dkt. 2, at 2). His argument relies on the 1977 version of Texas' mandatory supervision law, which was in effect when he committed the murder offense in 1982. Prince refers to the 1977 law as "Senate Bill 152" or the law from Texas' "65th Legislature." He claims that, under the 1977 law, "his Life sentence equates to 60 years" (*id.*). In support, he presents a 2001 affidavit from Helen Copitka, a voting member of the Texas Board of Pardons and Paroles from 1976-83, who avers that when she was a board member "it was [her] understanding that

---

[1] Throughout this Memorandum, the Court's citation to specific pages of the record refer to the pagination on the Court's Electronic Case Filing ("ECF") system.

[2] Although some portions of Prince's petition make cursory reference to a "revocation" of parole in the future (*see* Dkt. 1, at 5, 11), Prince points to nothing in the record pertaining to a revocation of parole in his case. Moreover, his petition, the accompanying memorandum, and his summary judgment briefing clearly are focused on his eligibility for mandatory supervision. The Court therefore addresses only the eligibility issue.

persons serving life sentences, who were not granted parole, would automatically be released to Mandatory Supervision when their flat time and accrued good time equaled 60 years" (Dkt. 2-1, at 4). He also provides a portion of Senate Bill 152 and directs the Court's attention to § 15(b), which stated that death-sentenced inmates were not eligible for parole but that other prisoners were eligible "when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less" (*id*. at 2).[3]

Prince calculates that, in 2021 or 2022, he "will accumulate the 60 years required for him to be released to mandatory supervision" (Dkt. 2, at 18).[4] He claims that he should be eligible for release at that point, and therefore brings this petition seeking "federal habeas corpus relief concerning his Constitutionally protected interest of Mandatory Supervision Release" (Dkt. 1, at 9).

In 2014, this Court rejected similar arguments from Prince in a separate federal habeas petition that challenged a disciplinary conviction. *See* Memorandum and Order dated Feb. 21, 2014 (Dkt. 5 in *Prince v. Davis*, Civil Action No. 3:13-0049 (S.D. Tex.)), at 3. The Court denied Prince's petition for habeas relief because "Texas inmates serving

---

[3] Prince also presents a one-page exhibit that contains two charts, labeled "Appendix 'B' Parole Eligibility" and "Appendix 'C' Relationship of Sentence Length to Time Served by Good Time Earning Categories" (*id*. at 7). The origin of the charts is not apparent from the record, but Prince identifies the author as "Mr. John Jusuta, former Chief of Staff Attorney for the Texas Court of Criminal Appeals" (Dkt. 2, at 8). Prince states that the chart "indicates a Life sentence equates to 60 years for purposes of determining parole eligibility and mandatory supervision release dates for inmates serving Life sentences" (*id*.).

[4] Prince presents a time sheet from TDCJ indicating that, as of September 28, 2017, he had accumulated 37 years, 9 months, and 16 days of "mand[atory] sup[ervision] time credits" (Dkt. 2-1, at 10).

a life sentence are not eligible for release under the Texas mandatory supervision statute and have no constitutionally protected interest in any loss of accrued good-time credits." *Id.* (citing *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001)).

## II. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).

Petitioner proceeds *pro se*. Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation

omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

## III.   ANALYSIS

Prince's petition under 28 U.S.C. § 2254 argues that his ineligibility for mandatory supervision violates his constitutional rights. He brings four claims:

(1) this Court should conduct a *de novo* review of *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002), because the decision violates Prince's rights under the Due Process Clause;

(2) the Texas Court of Criminal Appeals' decision in *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001), violates the constitutional separation of powers doctrine because it encroaches on the 1977 law enacted by the Texas legislature;

(3) Prince's ineligibility for mandatory supervision violates his rights under the Equal Protection Clause because the 1977 law excluded only death-sentenced inmates, not life-sentenced inmates, from eligibility; and,

(4) the state habeas court violated the Ex Post Facto Clause when it denied relief based on Texas Government Code § 508.149(a) because the statute was enacted after Prince committed the offense at issue.

(Dkt. 1, at 7-8).

Under Texas law, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). If an inmate is eligible for mandatory supervision, the inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE § 508.147(a); *Jackson v. Johnson*, 475 F.3d

omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

## III.   ANALYSIS

Prince's petition under 28 U.S.C. § 2254 argues that his ineligibility for mandatory supervision violates his constitutional rights. He brings four claims:

(1) this Court should conduct a *de novo* review of *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002), because the decision violates Prince's rights under the Due Process Clause;

(2) the Texas Court of Criminal Appeals' decision in *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001), violates the constitutional separation of powers doctrine because it encroaches on the 1977 law enacted by the Texas legislature;

(3) Prince's ineligibility for mandatory supervision violates his rights under the Equal Protection Clause because the 1977 law excluded only death-sentenced inmates, not life-sentenced inmates, from eligibility; and,

(4) the state habeas court violated the Ex Post Facto Clause when it denied relief based on Texas Government Code § 508.149(a) because the statute was enacted after Prince committed the offense at issue.

(Dkt. 1, at 7-8).

Under Texas law, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). If an inmate is eligible for mandatory supervision, the inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE § 508.147(a); *Jackson v. Johnson*, 475 F.3d

261, 263 n.1 (5th Cir. 2007).[5] Eligibility for mandatory supervision in Texas is "'governed by the law in effect at the time the offense was committed.'" *See Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005) (quoting *Ex parte Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005)). If an inmate was eligible for release to mandatory supervision when he committed his offense, he remains eligible, "regardless of whether the applicable mandatory supervision law has changed in the meantime." *Id*.

Prince argues that he is eligible for mandatory supervision because, under the 1977 law that was in effect when he committed the murder offense in 1982, only death-sentenced inmates are ineligible for mandatory supervision. He also argues that he has been deprived of his due process rights because the 1977 law created a liberty interest that is protected under the Fourteenth Amendment.[6]

However, Prince is serving a life sentence for his 1982 murder offense. The Texas Court of Criminal Appeals has held that a life-sentenced inmate is ineligible for mandatory supervision, even when the inmate's underlying offense permits release. *Franks*, 71 S.W.3d at 327-28. In *Franks*, the inmate was serving a life sentence for an aggravated robbery conviction committed in 1981. Under the law in effect when he

---

[5] By contrast, "parole" under the Texas system is a different type of early release and is wholly discretionary. *See* TEX. GOV'T CODE § 508.001(6) ("Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division").

[6] Prison inmates are entitled to protection under the Due Process Clause when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The Fifth Circuit has held that "Texas' mandatory supervision scheme in place prior to September 1, 1996" created "a constitutional expectancy of early release" and thus triggered certain due process protections. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 439 (1974)).

committed the crime, he was eligible for mandatory supervision release. Nevertheless, the *Franks* court held that his life sentence rendered him ineligible, reasoning that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328.

The Fifth Circuit, relying on the *Franks* decision, has denied federal habeas claims regarding mandatory supervision eligibility brought by life-sentenced inmates. In *Arnold*, 306 F.3d at 278-79, the Fifth Circuit held that, although the petitioner argued that he was eligible for release based on his underlying offense, which he committed when the 1977 law was in effect, his life sentence made him ineligible for release under *Franks*. The court stated, "We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law." *Id.* at 279 (internal quotation marks and citation omitted). The Fifth Circuit therefore held that the petitioner had no "constitutionally protected interest" and denied habeas relief. *Id.*.

Prince argues that the holdings in *Arnold* and *Franks* eviscerated his rights under the 1977 law and requests that this Court conduct a *de novo* review of *Arnold* (Dkt. 1, at 9). He argues at length that *Franks* was incorrectly decided and is "not supported by any evidence," referring the Court to his evidence that a life sentence "can and has been mathematically determined" by using a formulate that equates a life sentence to 60 years (Dkt. 2, at 3-4). He also argues that the 1977 legislature intended to exclude only death-sentence inmates, not life-sentenced inmates, from mandatory supervision eligibility (*id*.

at 4). Prince's arguments echo those made in the dissenting opinion in *Franks*. *See Franks*, 71 S.W.3d at 328-31 (Johnson, J., dissenting).

This Court is bound by the holding of *Arnold*, which relied on the *Franks* court's determination of mandatory supervision eligibility. Federal habeas courts do not sit to review a state court's interpretation of a state statute. *See Arnold*, 306 F.3d at 279. The Fifth Circuit repeatedly has rejected claims from life-sentenced Texas inmates who, like Prince, base their claims on previously applicable statutes. *See, e.g., Kalluvilayil v. Tex. Bd. of Pardons and Paroles*, 554 F. App'x 282, 283 (5th Cir. 2014) ("[a]lthough the law in effect [in 1990] at the time of [the plaintiff's] offense provided for release to mandatory supervision," a Texas inmate serving a life sentence is not eligible for release under the mandatory supervision statute); *Stewart v. Crain*, 308 F. App'x 748, 749 (5th Cir. 2009) ("a life-sentenced inmate is not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute").

Prince bases his habeas claims on the Due Process Clause, the constitutional separation of powers doctrine, and the Equal Protection Clause, arguing that he is eligible for release to mandatory supervision based on the 1977 law. Under the authorities cited above, Prince has no "constitutionally protected interest" in mandatory supervision release. *See Arnold*, 306 F.3d at 279.[7] Prince's petition must be dismissed because it

---

[7] Prince additionally brings a claim under the Ex Post Facto Clause, arguing that the state court improperly relied on Texas Government Code § 508.149(a) in his state habeas proceedings. The state habeas court concluded that Prince "has never been eligible for mandatory supervision regardless of the ruling in *Ex parte Franks* because of his prior convictions of aggravated robbery and this capital murder." Dkt. 11-6, at 25 (citing Texas Gov't Code § 508.149(a)(3) and (a)(12)); *see Ex parte Ervin*, 187 S.W.3d 386, 389 (Tex. Crim. App. 2005) (discussing

presents no valid basis for federal habeas relief. *See* 28 U.S.C. § 2254(a) & (d).

## IV. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

---

mandatory supervision eligibility under § 508.149(a)). However, the state habeas court also made an alternative conclusion that relied squarely on *Franks*, stating, "the Court finds that a life sentence will always render an inmate mandatory supervision ineligible." *See* Dkt. 11-6, at 25 (citing *Franks*). Because the court's holding relying on *Franks* was a sufficient independent reason to deny habeas relief, the Court need not address Prince's claim regarding § 508.149(a).

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 10) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 26th day of August, 2019.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge